5
THOMPSON & COLEGATE LLP
3610 Fourteenth Street
P. O. Box 1299
Riverside, California 92502
Tel: (951) 682-5550
Fax: (951) 781-4012

JOHN A. BOYD (SBN 089394)
jboyd@tclaw.net

Attorneys for Movant, PROVIDENT SAVINGS BANK

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>JOSEPH LADRAY CLARK,<br><br>　　　　Debtor. | Case No. 15-29738<br><br>(Chapter 13)<br><br>DC #: JAB-3<br><br>**DECLARATION OF GARRI NICKEL OF PROVIDENT SAVINGS BANK IN SUPPORT OF OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**<br><br><u>Confirmation Hearing</u>:<br>Date:　　March 8, 2016<br>Time:　　10:00 a.m.<br>Ctrm:　　34 – 6th Floor<br>Place:　　U.S. Bankruptcy Court<br>　　　　　501　I Street<br>　　　　　Sacramento, CA 95814 |

## DECLARATION OF GARRI NICKEL

　　I, GARRI NICKEL declare as follows:

　　I am Vice President, Loan Service Manager, with PROVIDENT SAVINGS BANK (hereinafter "PROVIDENT"). I make this declaration from my own personal knowledge. If called as a witness, I can competently testify as to the facts contained herein.

　　1.　　PROVIDENT holds a secured claim against JOSEPH L. CLARK, SR. (hereinafter CLARK). On or about December 5, 2006, CLARK, executed a Note in favor of PROVIDENT in the

sum of $384,000.00, which was secured by a Deed of Trust, recorded on December 14, 2006, as Document #2006-260757, San Joaquin County. This is a single family residence located at 10952 Peony Place Drive, Stockton, California 95209. An Assignment of Deed of Trust was also recorded on October 13, 2008, as Document #2008-164372, San Joaquin County. Title on this real property was initially in the name of, Joseph L. Clark, Sr., an unmarried man. PROVIDENT was unaware when on or about January 5, 2007, CLARK executed a Quitclaim Deed, deeding an undivided 50% interest to Joseph Ladray Clark, Sr, an Unmarried Man, and an undivided 50% interest to Daphne Anita Lancaster, an Unmarried Woman, as Joint Tenants. This Quitclaim Deed was not recorded until November 1, 2007, as Document #2007-188136, San Joaquin County. CLARK has listed this real property on his Schedules A and D. True and correct copies of the Note, Deed of Trust, Assignment of Deed of Trust and Quitclaim Deed are filed concurrently herewith as Exhibits "1" through "4" respectively and are incorporated herein by reference.

2. A Notice of Default was recorded on September 18, 2008, as Doc #2008-152345. A Notice of Trustee's Sale was recorded on December 23, 2008, as Doc #2008-196284 with a sale date set for January 15, 2009. Both of these notices were recorded with the San Joaquin County Recorder. A further Notice of Trustee's Sale was recorded on November 19, 2015, as Doc #2015-137783 with a sale date of December 21, 2015; the same date as Debtor filed this instant chapter 13 bankruptcy. The sale date is currently on hold as Debtor filed for bankruptcy protection. Movant has incurred foreclosure fees to date of $10,184.49.

3. CLARK filed his first Chapter 13 bankruptcy with this court on January 9, 2009, Case #09-20381. This first bankruptcy was converted to a Chapter 7 on January 30, 2014. PROVIDENT filed a motion for relief on April 1, 2014, and it was granted and an Order was entered on May 15, 2014. CLARK received his Chapter 7 Discharge on May 20, 2014.

The second Chapter 13 bankruptcy filing against the above referenced real property was by DAPHNE ANITA LANCASTER, (hereinafter LANCASTER) which was filed on April 29, 2014, Case #14-24381. This was filed in order to stop the foreclosure sale process. PROVIDENT filed an Objection to Plan on June 9, 2014; however, this was never heard as this second bankruptcy was dismissed on June 26, 2014.

DECLARATION IN SUPPORT OF OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

CLARK filed his third Chapter 13 bankruptcy with this court on on August 4, 2014, Case #14-28090. The Third Bankruptcy was also filed in order to stop the foreclosure sale process. Provident filed a motion for relief but before the hearing on the motion for relief, this Third Bankruptcy was dismissed on November 12, 2015 due to default of plan payments.

This fourth voluntary Chapter 13 bankruptcy filed by borrower, CLARK was filed on December 21, 2015, the same date Provident was to go to foreclosure sale on this Property. CLARK filed this bankruptcy in order to stop the foreclosure sale process.

4.   Attorney fees and costs have been incurred by PROVIDENT for the filing of the motion for relief in CLARK'S first bankruptcy in the amount of $1,585.10; attorney fees and costs for the filing of an Objection to Plan in the second bankruptcy filing of LANCASTER, in the amount of $2,706.06; attorney fees and costs for the filing of an Objection to Plan (which resulted CLARK to amend his plan, twice) and filing of a motion for relief in CLARK'S third bankruptcy in the amount of $3,454.77; for a total to date spent in attorney fees and costs $7,745.93. PROVIDENT will be incurring additional attorney fees in this fourth bankruptcy filing.

5.   At the time of this fourth bankruptcy filing against this Property, there are fifteen pre-petition interest only payments due for October 1, 2014 $880.00, November 1, 2014 $880.00, December 1, 2014 $880.00, January 1, 2015 $880.00, February 1, 2015 $840.00, March 1, 2015 $840.00, April 1, 2015 $840.00, May 1, 2015 $840.01, June 1, 2015 $840.00, July 1, 2015 $840.00, August 1, 2015 $839.99, September 1, 2015 $840.00, October 1, 2015 $840.00, November 1, 2015 $840.00 and December 1, 2015 $840.00 plus fifteen late fees of which the first four are at $44.00 each and the next eleven are at $42.00 each, for a total due of $13,398.00. PROVIDENT is holding in their suspense account $1,677.05. This $1,677.05 cannot be applied toward a payment until a full monthly payment is received. CLARK has not paid his first and/or second post-petition interest only payments for January 1, 2016, in the amount of $840.00, plus the late fee of $42.00 and for February 1, 2016, in the amount of $920.00, for a total due of $1,802.00.

Recap of missed payments:
| | |
|---|---:|
| Pre-Petition interest only payments and late fees due | $13,398.00 |
| Post-Petition interest only payment and late fees due | 1,802.00 |
| Less amount held in suspense | - 1,677.05 |
| | $13,522.95 |

The current principal balance due on the note is $383,999.63.

6. There is also a second trust deed against this real property as reflected in CLARK'S Schedule D with Deutshe Bank National Trust Co., Trustee c/o Specialized Loan Servicing in the amount of $160,250.63.

7. PROVIDENT paid the delinquent real property and supplemental taxes along with the interest and penalties in anticipation of going to sale on January 15, 2009 and sale on December 21, 2015, as follows:

| | |
|---|---:|
| Full year for 2007/08 | $ 6,071.70 |
| 1st half 2008/09 | 2,432.50 |
| 1st half 2015/16 | 1,609.20 |
| 2006/07 supplemental | 2,146.78 |
| Interest on 2007/08 | 616.39 |
| 10% penalties on 2007/08 | 607.18 |
| 10% penalties on 2006/07 supplements | 214.64 |
| 10% penalties on 2015/16 | 160.92 |
| Costs/state redemption fees | 45.00 |
| | $13,904.31 |

CLARK does not provide for the reimbursement to PROVIDENT for the above delinquent taxes as outlined above in his Chapter 13 Plan.

8. DEBTOR'S bankruptcy Schedules indicate that the fair market value of the Real Property is approximately $350,000.00. PROVIDENT is informed and believes that, based on an appraisal prepared December 30, 2015 on the Property, that the fair market value of the Property is approximately $275,000.00. Regardless of value, there is no equity in this real property. This real property is totally upside down as follows:

| | |
|---|---:|
| Principal Balance due | $383,999.63 |
| 2nd Trust Deed due | 160,250.63 |
| Foreclosure Fees | 10,184.49 |
| Pre and Post-Petition payments due | 13,522.95 |
| Attorney Fees to date | 7,745.93 |
| Property Taxes | 13,904.31 |
| | $589,607.94 |

9. As of February 1, 2016, DEBTOR'S loan entered into a new interest rate of 2.875%. The new interest only payment is $920.00 per month. DEBTOR did not account for this new payment in his Chapter 13 Plan.

10. PROVIDENT objects to CLARK'S proposed Chapter 13 Plan as there is no equity in

the real property and that there is no provision for reimbursement of our foreclosure fees of $10,184.49, attorney fees and costs of $7,745.93, the property taxes paid in 2009 of $12,134.19, or the property taxes paid in 2015 of $1,770.12.

    I certify under penalty under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

    Executed on the 17th day of February 2016, in Riverside, California.

Garri Nickel